UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RO-MA HOLDINGS #2, LLC,

      Plaintiff,

vs.

      Case No. 1:20cv20252

SCOTTSDALE INSURANCE COMPANY,

      Defendant

_____/

## SIC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Scottsdale Insurance Company, ("SIC"), responds to the Complaint filed by the Plaintiff, Ro-Ma Holdings #2, LLC, as follows:

## ANSWER

1. Admitted for jurisdictional purposes only. Otherwise, denied.

2. Without knowledge, therefore, denied.

3. Admitted that SIC issues policies in Miami-Dade County, Florida pursuant to Florida's Surplus Lines Law, Fla. Stat. §§ 626.913-626.937. Otherwise, denied

4. Admitted that venue is proper in Miami-Dade County, Florida. Otherwise, denied.

5. Denied.

## GENERAL ALLEGATIONS

6. Admitted that SIC issued to Ro-Ma Holdings #2, LLC, the Commercial Property Policy No. CPS2687066, effective from April 15, 2017 to April 15, 2018 (the "Policy"), and that the Policy speaks for itself. Otherwise, denied.

7. Admitted that Defendant is in possession of the subject Policy and that it has previously been provided to the insured. Otherwise, denied.

8. Admitted that the subject property is located at 6340 SW 8th Street, Miami, FL 33144 and that the Policy speaks for itself. Otherwise, denied.

9. Admitted that the Policy was in effect on September 10, 2017. Otherwise, denied.

10. Admitted that SIC designated Claim No. 01859718. Otherwise, denied.

11. Denied.

12. Denied.

13. Denied. SIC issued the policy pursuant to Florida's Surplus Lines Law, Fla. Stat. §§ 626.913-626.937, and is therefore not subject to Fla. Stat. Ch. 627, including § 627.428.

## COUNT I – BREACH OF CONTRACT

14. SIC incorporates paragraphs 1-13.

15. Admitted that the Policy speaks for itself.

16. Admitted that the insured paid the premium and the Policy was therefore in effect. Otherwise, denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT II- DECLARATORY RELIEF

21. SIC incorporates paragraphs 1 through 13.

22. Denied.

23. Denied.

24. Denied.

Case No. 2019-034767-CA-01

25. Denied.

26. Denied.

27. Denied.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**:   The Plaintiff fails to state a cause of action for declaratory relief upon which relief may be granted.

**Second Affirmative Defense**: The Policy excludes coverage for damage caused, whether directly or indirectly and/or in whole or in part, by wear and tear. To the extent the property was damaged due to wear and tear, it is not covered.  CP 10 30 (10-12).

**Third Affirmative Defense**:  The Policy excludes coverage for damage caused, whether directly or indirectly and/or in whole or in part, by rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself. To the extent the property was damaged due to corrosion, deterioration, and/or decay, it is not covered. CP 10 30 (10-12).

**Fourth Affirmative Defense**:  The Plaintiff seeks damages for losses unrelated to the alleged loss.  To the extent Plaintiff seeks damages for unrelated losses, no coverage is provided under this claim.

**Fifth Affirmative Defense:**  The Policy excludes coverage for damage caused, whether directly or indirectly and/or in whole or in part, by settling, cracking, shrinking or expansion.  To the extent the property was damaged due to settling, cracking, shrinking or expansion, it is not covered. CP 10 30 (10-12).

**Sixth Affirmative Defense**: The Policy covers interior damage resulting from rain only where the roof or walls first sustain damage due to a Covered Cause of Loss through which the

rain enters. Since the property did not first sustain damage due to a Covered Cause of Loss, any interior damage is not covered. CP 10 30 (10-12).

**Seventh Affirmative Defense**: The Policy requires the Plaintiff to comply with a number of conditions, including but not limited to providing prompt notice of the loss and cooperating in SIC's investigation. The Plaintiff failed to comply, prejudicing SIC, and therefore cannot recover benefits. The Plaintiff notified SIC of the loss over 14 months after it allegedly occurred. Additionally, although SIC requested any information and documents that should be considered, the Plaintiff provided no information regarding repairs to the roof and interior made following the date of loss. Plaintiff failed to comply with a number of conditions under the Policy, therefore no coverage is afforded under the Policy. CP 00 10 (10-12).

**Eighth Affirmative Defense**: The Policy excludes coverage for damage caused by faulty, inadequate, or defective maintenance. To the extent the Plaintiff seeks damage caused by defective maintenance, it is not covered. CP 10 30 (10-12).

**Ninth Affirmative Defense**: The Policy does not provide coverage for other structures. Plaintiff's estimate includes damages to other structures. To the extent Plaintiff attempts to recover benefits for damages to structures other than the dwelling/building located at 6340 SW 8th Street, Miami, FL 33144, it is not covered.

**Tenth Affirmative Defense:** SIC issued the policy pursuant to Florida's Surplus Lines Law, Fla. Stat. §§ 626.913-626.937, and is therefore not subject to Fla. Stat. Ch. 627, including § 627.428.

**Eleventh Affirmative Defense**: Any benefits afforded are subject to the Policy's $4,500.00 wind deductible. Damage that fails to exceed the deductible is not covered. UTS-183g (12-16).

Case No. 2019-034767-CA-01

**Twelfth Affirmative Defense:** Plaintiff's Complaint contains insufficient information to permit SIC to raise all appropriate defenses. SIC therefore reserves the right to amend or supplement its answer and defenses.

## CERTIFICATE OF SERVICE

I CERTIFY that the foregoing document is being served on January 28, 2020 via Florida Courts eFiling Portal to:

Anthony M. Lopez, Esq.
Annette Del Aguila, Esq.
Marin, Eljaiek, Lopez & Martinez, P.L.
2601 S. Bayshore Dr., 18th Floor
eservice@mellawyers.com
mellaw7@mellawyers.com

HINSHAW & CULBERTSON LLP

/s /Sean W. Rolland
Ronald L. Kammer
Florida Bar No. 360589
Sean W. Rolland
Florida Bar No. 112151
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Primary: rkammer@hinssawlaw.com
srolland@hinshawlaw.com
Secondary: lleon@hinshawlaw.com
*Attorney for Defendant, SCOTTSDALE INSURANCE COMPANY*

1027531\304973235.v2